# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

WANDA BISHOP,

    Plaintiff,

v.                                        CASE NO.: CV-07-J-1284-NE

MAYOR LORETTA SPENCER, et al.,

    Defendants.

## MEMORANDUM OPINION

Pending before the court is the defendants' motion for judgment on the pleadings (doc. 10), and the defendants' brief in support of said motion (doc. 12).

Judgment on the pleadings under Rule 12(c), Fed.R.Civ.Pro., is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998). Having considered said motion and brief, all pleadings filed to date, and the legal standard for judgment on the pleadings, the court finds as follows:

The plaintiff is a prior employee of the City of Huntsville. See Petition for Declaratory Judgment. Based on alleged violations of the City's Personnel Policies and Procedures, the plaintiff was terminated on June 6, 2007. Petition for Declaratory Judgment, ¶ 2. The plaintiff filed an action in the Circuit Court of Madison County, Alabama, seeking a declaration that the defendants violated the plaintiff's

Constitutional rights under the Fourteenth Amendment[1] and also her rights under the City's policies and procedures. The plaintiff also filed a motion for a temporary restraining order and a motion for preliminary injunction (docs. 2 and 3). The defendants removed the case to this court.

According to the plaintiff, the hearing upholding her termination violated her rights because she was not allowed to present any witnesses on her behalf nor allowed to show cause as to why she should be allowed to present these witnesses. Plaintiff's motion for temporary restraining order, ¶¶ 6-8, 14. Rather, the hearing officer ordered that the plaintiff could not offer character witnesses. *Id.,* at ¶ 8.

The plaintiff asserts that the one-sided show cause rule under which the hearing officer issued her ruling violated the plaintiff's "due process rights." Motion for Temporary Restraining Order, ¶ 12. While the plaintiff has not specified whether she sues for procedural or substantive due process violations, in *McKinney v. Pate*, 20 F.3d 1550, 1560-1561 (11th Cir.1994), *cert. denied*, 513 U.S. 1110 (1995), the Eleventh Circuit stated that employment rights, which are non-fundamental state created rights, as opposed to fundamental rights created by the Constitution, are not

---

[1]The plaintiff did not bring a claim pursuant to 42 U.S.C. § 1983, but rather states a claim directly under the Fourteenth Amendment. However, section 1983 provides a remedy when a person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. 42 U.S.C. § 1983. Section 1983 provides a method for vindicating rights elsewhere conferred. *See e.g., Graham v. Connor,* 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

entitled to substantive due process protection. Because of this, the court only considers plaintiff's claims for procedural due process violations.[2]

To prevail upon her procedural due process claim, the plaintiff must establish: (1) a constitutionally protected interest in life, liberty or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation. *Bank of Jackson County v. Cherry,* 980 F.2d 1354 (11th Cir.1992) citing *Lehr v. Robertson*, 463 U.S. 248, 256, 103 S.Ct. 2985, 2990-91, 77 L.Ed.2d 614 (1983); *Greenholtz v. Inmates of the Nebraska Penal and Correction Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979); *Board of Regents v. Roth*, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972).

The defendants assert, and the court agrees, that the procedural due process claims of the plaintiff are due to be dismissed because the plaintiff has not alleged the absence of adequate state law remedies. *See e.g., Cotton v. Jackson,* 216 F.3d 1328, 1331 (11th Cir.2000) ("This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation)

---

[2]The plaintiff also asserts that her rights under the Equal Protection clause of the Fourteenth Amendment were violated. While the court does not reach the merits of the plaintiff's claim, the court does note that none of plaintiff's allegations state a claim to which the Equal Protection clause would apply.

recognizes that the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate fora--agencies, review boards, and state courts' before being subjected to a claim alleging a procedural due process violation"(citations omitted)). "Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney,* 20 F.3d at 1557. It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim. *See Bass v. Perrin,* 170 F.3d 1312, 1319 (11th Cir.1999); *Harris v. Board of Educ.,* 105 F.3d 591, 596 (11th Cir.1997).

The plaintiff has not alleged that the state law procedures are inadequate. The City of Huntsville Personnel Manual gives the plaintiff the right to an administrative appeal, at which the defendant City Council members could reverse the decision of the hearing officer and reinstate the plaintiff. Under Alabama law, the plaintiff also has a right to pursue review of the administrative process through a writ of certiorari. See *Hammond v. Town of Priceville*, 886 So.2d 67, 68 (Ala.2005) citing *Evans v. City of Huntsville,* 580 So.2d 1323, 1325 (Ala.1991)("Because a terminated municipal employee has no such statutory appeal right, a petition for a common-law writ of certiorari is the proper method for having the trial court review the council's

decision."). The plaintiff has failed to state a valid procedural due process claim because she has not alleged that Alabama law provides her with inadequate post-deprivation remedies. See e.g., *Tinney v. Shores,* 77 F.3d 378, 382 (11th Cir.1996). Additionally, the court finds that adequate state law remedies do exist.

Having considered the foregoing, the court is of the opinion that the defendants' motion for judgment on the pleadings is due to be granted because the plaintiff has failed to allege that the State does not provide adequate procedures to remedy the alleged procedural deficit, an essential element of such a claim, and the court shall so rule by separate Order.

**DONE** and **ORDERED** this the 11th day of September, 2007.

                                            INGE PRYTZ JOHNSON
                                            U.S. DISTRICT JUDGE